# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

ARCHIE POE                                    CIVIL ACTION NO. 17-913

VERSUS                                        JUDGE ELIZABETH ERNY FOOTE

BRUCE FULLER, ET AL.                          MAGISTRATE JUDGE HORNSBY

## ORDER

Plaintiff Archie Poe ("Poe") has filed a motion for a certificate of appealability pursuant to 28 U.S.C. § 1292(b) asking that the Court certify the following issues for an immediate appeal:

1) Whether the Court properly applied the summary judgment standard and legal standard for deliberate indifference to ARCHIE POE's § 1983 claims for deliberate indifference of medical care/lack of medical care rendered by Dr. Pamela Hearn and Dr. Bruce Fuller at David Wade Correctional Center in violation of ARCHIE POE'S 8th Amendment right to be free from cruel and unusual punishment; and

2) Whether the Court properly found sua sponte that it lacked federal subject matter jurisdiction over the state law negligence claims for medical care/lack of medical care rendered by Dr. Pamela Hearn and Dr. Bruce Fuller at David Wade Correctional Center.

[Record Document 96 at 1].

Under 28 U.S.C. § 1292(b) a district court may certify an order for an immediate appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." § 1292(b) applies to orders, not questions, but the district courts are encouraged to

identify the specific issues within the orders certified. *Linton v. Shell Oil Co.*, 563 F.3d 556, 556 (5th Cir. 2009) (per curiam).

The above-listed issues that Poe seeks certification to appeal are from Court orders found at Record Document 57 and Record Document 90. The Court finds that these orders each present a "controlling question of law as to which there is substantial ground for difference of opinion." The Court also agrees with Poe that the status of the case creates a "possibility of havi[ing] to try the case twice once a final judgment is entered and the Court of Appeal [sic] is given the opportunity to review the summary judgment rulings." [Record Document 99 at 2]. Thus, having a decision on the identified legal questions presented in Record Document 57 and Record Document 90 will materially advance the ultimate termination of this litigation.

Plaintiff's motion to certify rulings for immediate appeal [Record Document 96] is **GRANTED** and Plaintiff may appeal the issues identified herein, presented by this Court's rulings in Record Document 57 and Record Document 90. It is **ORDERED** that the above-captioned case is stayed pending appeal. Trial dates are not upset at this time.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this 23rd day of October, 2019.

ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE