UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **ARCHIE POE** | **CIVIL ACTION NO.: 17-913** |
| **VERSUS** | **JUDGE ELIZABETH ERNY FOOTE** |
| **BRUCE FULLER, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM ORDER

Now before the Court is Defendant Dr. Pamela Hearn's ("Hearn") motion for summary judgment regarding the medical malpractice claim raised against her by Plaintiff Archie Poe ("Poe") for his treatment at the Lincoln Parish Detention Center ("LPDC"). [Record Document 110]. The Court previously ruled that this claim is subject to a one-year prescriptive period and that the claim was facially prescribed. Record Document 93. The Court allowed for a limited period of discovery to address whether Poe had complied with the grievance procedures in place at LPDC such that prescription was suspended. Record Document 94. After the close of discovery, Hearn filed the instant motion arguing that Poe failed to exhaust his administrative remedies, and therefore prescription was not suspended. Record Document 110-1 at 4. Poe did not oppose the motion, despite receiving a lengthy extension of time to do so, and Hearn's motion is ripe for review. Record Document 116. For the reasons stated herein, Hearn's motion for summary judgment is **GRANTED**.

**I. Background**

This case stems from medical treatment Poe received from Hearn and Dr. Bruce Fuller ("Fuller") at LPDC and David Wade Correctional Center ("DWCC"). Poe filed suit alleging

constitutional and state law claims against both doctors. The Court previously dismissed all claims against Fuller. Record Documents 57 and 90. The Court also previously dismissed all claims against Hearn connected to her work at DWCC. *Id.* That left pending only a constitutional and state law claim against Hearn for her work at LPDC. Poe's constitutional claim against Hearn regarding her work at LPDC was dismissed after the parties settled. Record Document 121. Thus, the only remaining claim in this matter is that at issue in Hearn's instant motion for summary judgment—a state law medical malpractice claim related to her work at LPDC.

One of the Court's prior rulings addressed this claim in detail. Record Document 93. In that ruling, the Court concluded that Poe's claim sounded in medical malpractice and was subject to the Louisiana Medical Malpractice Act ("MMA") *Id.* at 7, 12; La. R.S. § 40:1231, *et seq*. Because of this, Poe's medical malpractice claim against Hearn is subject to a one-year prescriptive period. Record Document 93 at 16. The Court concluded that, at the latest, Poe's claim arose on May 31, 2016 when he was transferred from LPDC to another facility. *Id.* at 17. Poe filed suit on June 17, 2017, and so the claim is facially prescribed. *Id.* The Court next considered whether Poe had carried his burden of showing that the prescriptive period was suspended such that his lawsuit was timely filed. *Id.* Being an inmate, Poe was not required to file a claim with the medical review panel to suspend prescription like other claims governed by the MMA. *Id.* at 20. Instead, prescription of Poe's claim would be suspended by adhering to the procedures laid out for suspending prescription in the Corrections Administrative Remedy Procedure Act ("CARP"), namely, initiating the administrative review process in place at LPDC. *Id.* The Court concluded that there remained genuine issues of material fact

regarding the procedures in place at LPDC and Poe's compliance with those procedures. *Id.* at 21. On this basis, the Court denied Hearn's motion for summary judgment and ordered additional discovery. *Id.* This discovery period has now closed. Record Document 94 at 3.

The Court's previous ruling laid out the facts underlying Poe's claims arising out of LPDC, Record Document 93 at 1-2, and accordingly, the Court will not reproduce them here. Relevant to the instant motion, though, are the facts surrounding Poe's efforts at pursuing his claim though LPDC's grievance and administrative remedy procedures. Poe has asserted that he made a request to the "ranking officer" at LPDC for an Administrative Remedy Procedure ("ARP"), such as is used for grievances in the Louisiana Department of Public Safety and Corrections ("DOC") facilities, and was told "that they do not have ARPs at Lincoln Parish and that I needed to get on the kiosk and write a medical complaint." Record Document 80-2 at 1. LPDC records reveal that Poe filed a grievance through the kiosk on May 23, 2016, May 24, 2016, May 26, 2016, and May 30, 2016. Record Document 110-3 at 6-8. In these grievances, Poe complains that he was made to kneel despite this action causing him pain, requests that Hearn connect him to an orthopedic surgeon, and complains of other symptoms like a headache swollen face, and pain. *Id.*

**II.**   **Summary Judgment Standard**

Federal Rule of Civil Procedure 56(a) directs a court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter

of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial will rest on the non-moving party, the moving party need not produce evidence to negate the elements of the non-moving party's case; rather, it need only point out the absence of supporting evidence. *See id.* at 322–23.

If the movant satisfies its initial burden of showing that there is no genuine dispute of material fact, the nonmovant must demonstrate that there is, in fact, a genuine issue for trial by going "beyond the pleadings" and "designat[ing] specific facts" for support. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Celotex*, 477 U.S. at 325). "This burden is not satisfied with some metaphysical doubt as to the material facts," by conclusory or unsubstantiated allegations, or by a mere "scintilla of evidence." *Id.* (internal quotation marks and citations omitted). However, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1985) (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). While not weighing the evidence or evaluating the credibility of witnesses, courts should grant summary judgment where the critical evidence in support of the nonmovant is so "weak or tenuous" that it could not support a judgment in the nonmovant's favor. *Armstrong v. City of Dall.*, 997 F.2d 62, 67 (5th Cir. 1993).

Additionally, Local Rule 56.1 requires the movant to file a statement of material facts as to which it "contends there is no genuine issue to be tried." The opposing party must then set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." W.D. La. R. 56.2. All material facts set forth in the movant's statement "will

be deemed admitted, for purposes of the motion, unless controverted as required by this rule."

*Id.*

### III. Law and Analysis

As the Court previously held, Poe's medical malpractice claim is subject to a one-year prescriptive period. Record Document 93 at 16-17. Because Poe did not file this suit until June 17, 2017, which was more than one year after his transfer, his claim is facially prescribed. *Id.* The Court must therefore consider whether prescription was suspended. If a claim is facially prescribed, "the burden shifts to the plaintiff to prove either suspension, interruption, or some exception to prescription, utilizing one of any number of legal constructs including but not limited to the doctrine of *contra non valentem* and the theory of continuing tort." *Terrebonne Par. Sch. Bd. v. Mobil Oil Corp.*, 310 F.3d 870, 877 (5th Cir. 2002) (citing *In re Med. Review Panel for Claim of Moses*, 2000-2643, p. 6 (La. 5/25/01); 788 So. 2d 1173, 1177–78; *Stett v. Greve*, 35,140, p. 7 (La. App. 2 Cir. 2/27/02); 810 So. 2d 1203, 1208; *Strata v. Patin*, 545 So. 2d 1180, 1189 (La. Ct. App. 1989)). Thus, it is Poe's burden to prove that prescription was suspended prior to May 31, 2017.

The Court also previously held that, as an inmate, Poe was not required to request review before a medical review panel to suspend prescription. Record Document 93 at 20. Instead, Poe's claim is governed by the CARP requirements. Record Document 93 at 20. CARP authorizes the DOC and sheriffs to adopt an administrative procedure that inmates must pursue before they may file lawsuits related to their conditions of confinement. La. R.S. §§ 15:1171–1179. The DOC has adopted an ARP procedure and requires local facilities that house DOC inmates to provide a grievance procedure for those inmates. La. Admin. Code tit.

22, pt. I, § 325(A), (M). Once a grievance procedure has been adopted, "[l]iberative prescription for any delictual action for injury or damages arising out of the claims asserted by a prisoner in any complaint or grievance in the administrative remedy procedure shall be suspended upon the filing of such complaint or grievance and shall continue to be suspended until the final agency decision is delivered." La. R.S. § 15:1172(E).

It is undisputed that Poe filed grievances using the LPDC kiosk in May 2016. Hearn now concedes that at LPDC, the administrative remedy process was initiated through submitting a grievance using a kiosk in the facility. Record Document 110-1 at 3. Thus, the undisputed evidence is that Poe properly initiated the grievance process at LPDC prior to May 31, 2016.

Nevertheless, the Court finds that Poe has failed to carry his burden of establishing that the grievances he filed were sufficient to interrupt prescription for his medical malpractice claim. The grievances report symptoms like a headache and pain, allege that someone other than Hearn forced Poe to kneel despite that causing him pain, and request to see an orthopedic surgeon. Even with ample opportunity to respond to Hearn's motion for summary judgment, Poe failed to oppose the motion and explain why these grievances are adequate to suspend prescription regarding a medical malpractice claim. Reviewing the grievances, the Court concludes that the grievances read more like requests for care than they do as allegations that Hearn was failing to adequately treat him or that she was committing medical malpractice. Therefore, Poe has failed to prove that prescription was suspended. Because his claim is facially prescribed and because he has failed to prove suspension, Poe's claim for medical

malpractice against Hearn for her work at LPDC is prescribed, and the claim is **DISMISSED with prejudice**.

### IV. Conclusion

For the aforementioned reasons, **IT IS ORDERED** that the Defendant's motion for summary judgment [Record Document 110] is **GRANTED**. Poe's medical malpractice claim against Hearn for her work at LPDC is **DISMISSED with prejudice**. A judgment stating the same will be issued herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this ___20th___ day of October, 2020.

                                                  _____
                                                ELIZABETH E. FOOTE
                                                UNITED STATES DISTRICT JUDGE